STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Edward and          }
Phyllis Lashins                      }
                                     }   Docket No. 231-12-98 Vtec
                                     }
                                     }

DECISION AND ORDER

Appellants Edward and Phyllis Lashins originally appealed in Docket No. 94-6-97 Vtec from the grant of conditional use approval to Timothy T. Gore to use two parcels of property in Wilmington, Vermont for the " Najerog Environmental Learning Center." After this Court' s decision issued in July of 1998, the Wilmington Zoning Board of Adjustment held two hearings, one addressed to the remanded issues in Docket No. 94-6-97 Vtec, and one which was expected to be addressed to the conditional use application for the adult, family, and school year proposed uses of the camp, which the Court had ruled did not exist as of March of 1968. The appeal of the remanded issues in Docket No. 94-6-97 Vtec returned to the Court on appeal under that docket number, and was resolved after another evidentiary hearing by orders of the Court in June and December of 1999. The appeal of the second decision is Docket No. 231-12-98 Vtec. The two matters were consolidated.

Appellants are represented by Peter M. Lawrence, Esq.; Appellee-Applicant Timothy T. Gore is represented by David Gartenstein, Esq.; the Town of Wilmington is represented by Richard M. Gale, Esq.

Appellee-Applicant Timothy T. Gore had originally applied, on behalf of himself and his parents Peter and Sally Gore, for a conditional use permit to run an " Environmental Learning Center" on a portion of the former Camp Najerog property in Wilmington. The six-acre Peter and Sally Gore parcel fronts on Ballou Hill Road and will be referred to as " the Ballou Hill Road parcel." It contains the farmhouse and three of the former camp cabins, and various outbuildings including a washhouse. The 93-acre parcel owned by Timothy Gore consists of two rectangles joined at an overlapping corner. The more southerly rectangle of approximately sixty acres (referred to as " the 60-acre parcel" ) abuts the Ballou Hill Road parcel, and does not abut Appellants' parcel. The other rectangle of approximately 30 acres (" the 30-acre parcel" ) abuts Appellants' property and has frontage on Lake Raponda. Appellants own a vacation home located on the western side of Lake Raponda, adjacent to Appellee-Applicant' s property.

The Court' s 1999 orders in Docket No. 94-6-97 Vtec established the extent of the grandfathered use of Appellee-Applicant' s property for a children' s summer camp. Over the course of the evidentiary hearing in the present case, Docket No. 231-12-98, Appellee-Applicant made it clear that he was no longer applying for a conditional use permit for the adult, family, and school year proposed uses of the camp, but instead was applying for certain specific uses for the children' s

summer camp which fell beyond the uses which the Court had previously ruled were grandfathered.

Appellee-Applicant is now requesting conditional use approval solely for overnight tent camping and campfires in two areas on the 30-acre parcel: within a 200-foot radius of the shelters at the waterfront and in an area to the west of the dashed-line trail shown on Exhibit 1 and 101.

In the course of Appellee-Applicant's testimony, it also became apparent that he intends to expand the age range of the campers from the grandfathered uses by one year in each direction beyond the age range grandfathered, and two years in each direction beyond the age range he originally applied for. That is, the Court found that the age range allowed as grandfathered was from age 7 to age 15, he originally applied for ages 8 to 14, and he now wishes to have campers ranging in age from age 6 to age 16. However, there is no indication that Appellee-Applicant made any request to the ZBA for ages beyond his original application. While this Court sits in the place of the ZBA on whatever application was made to it, and can decide that application de novo, issues which were not and could not have been considered by the ZBA cannot be considered by the Court in the first instance.

The Court has noted that some of Appellee-Applicant's plans for running his camp program are amorphous at best, and that they do not take into account Appellants' legitimate concerns regarding the risks of poor supervision of adolescent or very young campers by late adolescent counselors. However, this Court does not have jurisdiction of, and has not been informed of, the state or federal regulations that may apply to the management and supervision of a children's summer camp. Appellants understandably question whether Appellee-Applicant's plans pose a heightened risk of fire, of poor human waste disposal, or of trespass on and damage to their property. Nevertheless, some of the issues between Appellants and Appellee-Applicant may not be within the scope of this Court's jurisdiction; and this Court may not deprive Appellee-Applicant of the reasonable use of his property to enable Appellants to enjoy enhanced seclusion. Issues relating only to their relationship as adjacent property owners, such as trespass and insurance, may have to be resolved in Superior Court. This Court can only apply the Conditional Use criteria in the Zoning Ordinance when considering this application.

The proposed overnight tenting and camping, and the proposed campfires, will have no adverse effect upon any planned or existing community facilities. The proposed overnight tenting and camping, and the proposed campfires, will have no adverse effect upon traffic on the roads and highways in the vicinity. The proposed overnight tenting and camping, and the proposed campfires, will have no adverse effect upon the use of renewable energy resources. The specific requirements of the Zoning Ordinance are also met for this limited application.

Appellants argue that the character of the area will be adversely affected. The scope of the area for the purposes of this criterion examines the physical area that could be affected by the proposed use, that is, the area within which the proposed uses could be perceived or their longer-term effects (such as groundwater pollution or fire) could be experienced.

The character of the area bordering that portion of Lake Raponda from which the proposed activities could be seen, heard, or otherwise affected, is a heavily wooded lakeshore, with

vacation and residential uses enjoying a high degree of seclusion and privacy. The wooded portions have not been cleared of undergrowth, and could catch on fire if a campfire was not properly attended, as there is no convenient source of water other than the lake. Residents along the lake shore enjoy evening gatherings at or near the shore visible from across the lake or along the shore, including the use of barbeques and outdoor campfires. Residents may hike and camp out on their own land; such activities are conducted in small groups. The area is quiet after approximately 9:00 p.m. and before approximately 7 a.m. Accordingly, to the following extent only, Appellee-Applicant's application for conditional use approval of overnight tenting and camping and campfires is granted, otherwise it is denied.

Appellee-Applicant's application for conditional use approval of overnight tenting and camping on Appellee-Applicant's property north and west of the dashed-line trail shown on Exhibit 101 is GRANTED, on the condition that campsites be established and human waste be disposed of no closer than 400 feet to Appellants' property line, and that the activities are quiet after 9 p.m. and before 7 a.m. Appellee-Applicant's application for conditional use approval of campfires on Appellee-Applicant's property north and west of the dashed-line trail shown on Exhibit 101 is DENIED, without prejudice to a subsequent application if Appellee-Applicant can present additional evidence regarding the management of the risk of fire spreading from such campfires.

Appellee-Applicant's application for conditional use approval of overnight tenting and camping on Appellee-Applicant's property within a 200-foot radius of the lake shelters is GRANTED, subject to the condition that human waste be disposed of only in the approved waste disposal systems (whether composting toilets, privies or other systems) established for that purpose in or near the lake shelters, but it is granted only within the quadrant of that circle facing away from the lake and away from Appellants' property; as to the remaining three-quarters of that circle it is DENIED. Appellee-Applicant's application for conditional use approval of campfires within a 200-foot radius of the lake shelters is GRANTED only as to the portion of that circle that is beyond the treeline towards the lake, and only within the reach of the stream of water capable of being pumped from the lake by the use of a hand pump and hose to be maintained at the lake shelters for that purpose, otherwise it is DENIED. The activities associated with such camping and campfires shall be quiet after 9 p.m. and before 7 a.m.

We note that no amplified sound devices of any kind were applied for in this application, and no such devices are permitted by this approval.

We specifically note that this limited conditional use approval does not relieve Appellee-Applicant from complying with all other regulations and obtaining any other approvals from the Town or State required for operating a children's summer camp, including any water supply and wastewater disposal permits from the Agency of Natural Resources, any permit from the state or local Department of Health or health officer, and any labor or child protective regulations governing the ages and qualifications of supervisors and counselors in a children's summer camp setting. Appellee-Applicant shall obtain all other required State or Town approvals prior to commencement of the activities authorized by this conditional use approval.

Dated at Barre, Vermont, this 12th day of January, 2001.


_____
Merideth Wright
Environmental Judge